**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Brightmark Plastics Renewal LLC, | Case No. 25-10472 (LSS) |
| Debtor.<br>Tax I.D. No. 82-4937907 | |
| In re: | Chapter 11 |
| Brightmark Plastics Renewal Indiana LLC, | Case No. 25-10473 (LSS) |
| Debtor.<br>Tax I.D. No. 82-1737118 | |
| In re: | Chapter 11 |
| Brightmark Plastics Renewal Services LLC, | Case No. 25-10474 (LSS) |
| Debtor.<br>Tax I.D. No. 82-4663789 | |

**DEBTORS' MOTION FOR AN ORDER DIRECTING**
**JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") seek

entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"),

directing the joint administration of the above-captioned chapter 11 cases (these "Chapter 11

Cases") for procedural purposes only.  In support of this motion (this "Motion"), the Debtors

respectfully state as follows:

**JURISDICTION AND VENUE**

1.       The United States Bankruptcy Court for the District of Delaware (this "Court") has

jurisdiction over these Chapter 11 Cases, the Debtors, property of the Debtors' estates, and these

matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    Pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.    Venue of these Chapter 11 Cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.    The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1015-1.

## GENERAL BACKGROUND

5.    On March 16, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made, and no official committees have been appointed in these Chapter 11 Cases.

6.    Born out of the desire to reimagine waste, the Debtors, originally founded in 2016, use their own proprietary process and licensed technology from a non-debtor affiliate to reduce plastic waste.  The company purchases hard-to-recycle mixed post-consumer and post-industrial plastic waste to convert into valuable chemical feedstocks that can be used to make new plastics.

Through this method, the company repurposes hydrocarbons bound for the landfill, providing a more sustainable environmental future.

7.    Additional factual background regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these Chapter 11 Cases is set forth in the *Declaration of Craig R. Jalbert in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), which is incorporated herein by reference.[1]

## RELIEF REQUESTED

8.    The Debtors seek entry of the Proposed Order pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1, (a) directing the joint administration of these Chapter 11 Cases for procedural purposes only and (b) granting related relief.  Specifically, the Debtors request that the Court maintain one file and one docket for all of these Chapter 11 Cases under the case of *Brightmark Plastics Renewal LLC*, and that these Chapter 11 Cases be administered under the following caption:

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to the, in the First Day Declaration.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Brightmark Plastics Renewal LLC, *et al.*,[1] | Case No. 25-10472 (LSS) |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Brightmark Plastics Renewal LLC (7907); Brightmark Plastics Renewal Indiana LLC (7118); and Brightmark Plastics Renewal Services LLC (3789). The Debtors' headquarters are located at 1725 Montgomery St, Floor 3, San Francisco, CA 94111.

9. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c) of the Bankruptcy Code.

10. Additionally, the Debtors request that the Court make a separate docket entry on the docket of each of the Debtors, other than that of Brightmark Plastics Renewal LLC, to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Brightmark Plastics Renewal LLC (7907); Brightmark Plastics Renewal Indiana LLC (7118); and Brightmark Plastics Renewal Services LLC (3789). All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-10472 (LSS), which should also be consulted for all matters affecting this case.

**BASIS FOR RELIEF**

11.     Bankruptcy Rule 1015(b) provides, in relevant part, that "[t]he court may order joint administration of the estates in a joint case or in two or more cases pending in the court if they are brought by or against . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b).  Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

12.     In addition, Local Rule 1015-1 provides in relevant part as follows:

> The Court may order joint administration of related cases pending in this Court without notice and an opportunity for hearing on a motion supported by an affidavit, declaration, or verification establishing that joint administration of the cases is warranted and will ease the administrative burden for the Court and the parties. A joint administration order entered under this Local Rule (i) is procedural only and does not substantively consolidate the debtors' estates and (ii) may be reconsidered on motion of a party in interest at any time.

Del. Bankr. L.R. 1015-1.

13.     As described in the First Day Declaration, the Debtors are "affiliates" as defined in section 101(2) of the Bankruptcy Code.  Moreover, given the integrated nature of the Debtors' operations, joint administration of the Chapter 11 Cases will promote the economical and efficient administration of these Chapter 11 Cases by avoiding the substantial time and expense required in preparing, replicating, filing, and serving duplicate motions, notices, applications, and orders, and will ease the administrative burden for the Court, the Office of the United States Trustee for the District of Delaware, and other parties in interest.

14.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  For example, creditors may still file claims against a particular Debtor or its estate (or against multiple Debtors and their respective estates), and the Debtors will maintain separate records of assets and liabilities.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases.  Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

15.     For these reasons, the Debtors respectfully submit that the relief requested herein is necessary, appropriate, and in the best interests of the Debtors' estates and creditors.

## NOTICE

16.     Notice of this Motion will be provided to the following parties or their respective counsel: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the DIP Lender; (d) the Bridge Lender; (e) the Indenture Trustee; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the United States Attorney's Office for the District of Delaware; (i) the state attorneys general for all states in which the Debtors conduct business; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  Given that this Motion seeks "first day" relief, within forty-eight (48) hours of the entry of an order granting this Motion, the Debtors will serve copies of this Motion and any order entered with respect to this Motion as required by Local Rule 9013-1(m).  The Debtors respectfully submit that, in light of the relief requested, no further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order,

substantially in the form annexed hereto as **Exhibit A**, granting the relief requested herein and

such other and further relief as may be just and proper.


Dated: March 17, 2025
      Wilmington, Delaware

Respectfully submitted,

*/s/ Andrew C. Ehrmann*
Jeremy W. Ryan (No. 4057)
R. Stephen McNeill (No. 5210)
Katelin A. Morales (No. 6683)
James R. Risener III (No. 7334)
Andrew C. Ehrmann (No. 7395)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: jryan@potteranderson.com
      rmcneill@potteranderson.com
      kmorales@potteranderson.com
      jrisener@potteranderson.com
      aehrmann@potteranderson.com


*Proposed Counsel to the Debtors and Debtors
in Possession*

**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Brightmark Plastics Renewal LLC, | Case No. 25-10472 (LSS) |
| Debtor.<br>Tax I.D. No. 82-4937907 | |
| In re: | Chapter 11 |
| Brightmark Plastics Renewal Indiana LLC, | Case No. 25-10473 (LSS) |
| Debtor.<br>Tax I.D. No. 82-1737118 | |
| In re: | Chapter 11 |
| Brightmark Plastics Renewal Services LLC, | Case No. 25-10474 (LSS) |
| Debtor.<br>Tax I.D. No. 82-4663789 | |

**ORDER DIRECTING JOINT ADMINISTRATION**
**OF THE DEBTORS' CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"), (a) directing joint administration

of these Chapter 11 Cases for procedural purposes only and (b) granting related relief, all as more

fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction

over this matter in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order*

*of Reference from the United States District Court for the District of Delaware*, dated

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these Chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before the Court after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT,

1.      The Motion is GRANTED as set forth herein.

2.      The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered under Case No. 25-10472 (LSS).

3.      The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| Brightmark Plastics Renewal LLC, *et al.*,[1] | Case No. 25-10472 (LSS) |
| Debtors. | (Jointly Administered) |

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Brightmark Plastics Renewal LLC (7907); Brightmark Plastics Renewal Indiana LLC (7118); and Brightmark Plastics Renewal Services LLC (3789). The Debtors' headquarters are located at 1725 Montgomery St, Floor 3, San Francisco, CA 94111.

2

4.      The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.      The Clerk of the Court shall make a docket entry in each of the Debtors' Chapter 11 Cases, except that of Brightmark Plastics Renewal LLC, substantially similar to the following:

> An order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Brightmark Plastics Renewal LLC (7907); Brightmark Plastics Renewal Indiana LLC (7118); and Brightmark Plastics Renewal Services LLC (3789).  All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-10472 (LSS), which should also be consulted for all matters affecting this case.

6.      The Debtors shall maintain, and the Clerk of the Court shall keep, one consolidated docket, one file, and one consolidated service list for these Chapter 11 Cases, with the assistance of the Debtors' claims and noticing agent that will be retained by the Debtors in these Chapter 11 Cases.

7.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

8.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

12116499v.1