## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Brightmark Plastics Renewal LLC, *et al.*,[1] | Case No. 25-10472 (LSS) |
| Debtors. | (Jointly Administered) |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## BRIGHTMARK PLASTICS RENEWAL SERVICES LLC
## (CASE NO. 25-10474)

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Brightmark Plastics Renewal LLC (7907); Brightmark Plastics Renewal Indiana LLC (7118); and Brightmark Plastics Renewal Services LLC (3789). The Debtors' headquarters are located at 1725 Montgomery St, Floor 3, San Francisco, CA 94111.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Brightmark Plastics Renewal LLC, *et al.*,[1] | Case No. 25-10472 (LSS) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS
AND METHODOLOGY REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") are filing their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors, with the assistance of their professional advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

These Global Notes and Statement of Limitations and Methodology Regarding the Debtors' Schedules and Statements (the "Global Notes") comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

The Debtors have used commercially reasonable efforts to ensure the accuracy and completeness of the information and data used in preparing the Schedules and Statements. Inadvertent errors, omissions, or inaccuracies may exist in the Schedules and Statements. The Debtors and their estates reserve all rights to amend or supplement the Schedules and Statements as may be necessary and appropriate.

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Brightmark Plastics Renewal LLC (7907); Brightmark Plastics Renewal Indiana LLC (7118); and Brightmark Plastics Renewal Services LLC (3789). The Debtors' headquarters are located at 1725 Montgomery St, Floor 3, San Francisco, CA 94111.

[2] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of the individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

## I.    Notes Applicable to all Schedules and Statements

**Note 1: Reporting Date**.  All asset and liability information, except where otherwise noted, is provided as of March 16, 2025 (the "Petition Date").

**Note 2: Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Note 3: Signatory**.  Craig R. Jalbert has signed each set of Schedules and Statements.  Mr. Jalbert serves as Chief Restructuring Officer of the Debtors, and he is an authorized signatory for each of the Debtors in these chapter 11 cases.  In reviewing and signing the Schedules and Statements, Mr. Jalbert has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and their legal and financial advisors.  Mr. Jalbert has not personally verified and could not personally verify the accuracy of each such statement and representation, but believes them to be true, correct, and accurate as of the date he signed the Schedules and Statements.

**Note 4: Basis of Presentation**.  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.  The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.  These Schedules and Statements were not filed with the United States Securities and Exchange Commission (the "SEC") or any other authority, and neither the SEC nor any state authority has passed upon the accuracy or adequacy of the Schedules and Statements, or upon the merits of the Schedules and Statements.

**Note 5: Net Book Value**.  In certain instances, current market valuations for individual items of property and other assets are neither maintained by nor readily available to the Debtors.  Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of the Petition Date.

**Note 6: Estimates and Assumptions**.  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.

**Note 7: Totals**.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are undetermined amounts, the actual total may be different from the listed total.

**Note 8: Confidential Information**.  There are instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as addresses of individuals.  The redactions are limited to only what is necessary to protect the Debtors or the applicable third party.  This approach is also consistent with the relief granted by the Court pursuant to the *Order (I) Authorizing Redaction of Certain Personally Identifying Information in the Consolidated List of Creditors and Other Filings and (II) Granting Related Relief* [Docket No. 38].

**Note 9: Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim, or recoupment, and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known or unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action, or in any way prejudice or impair the assertion of such claims or Causes of Action.

**Note 10: Claim Designation**.  Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed."  The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."  Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate.  Listing a claim does not constitute an admission of liability by the Debtors.

**Note 11: Fiscal Year**.  Each Debtor's fiscal year ends on December 31.

**Note 12: Taxes**.  The Debtors are disregarded entities for federal and state income tax purposes.  As such, they do not file separate returns.  Property and sales tax returns are filed at the Debtor level as applicable.

**Notes 13: Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such known leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

**Note 14: Unliquidated Claim Amounts**.  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

**Note 15: Unknown Amounts.**  The description of an amount as "unknown" is not intended to reflect upon the materiality of such amount.

**Note 16: Credits and Adjustments**.  The claims of individual creditors for, among other things,

goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

**Note 17: Insiders**. In circumstances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities that the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities. Persons and entities listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual, or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including federal securities law, or with respect to any theories of liability or any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified in response to Question 4 of the Statements is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

**Note 18: Payments**. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their business (the "Cash Management System") (as described in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Perform Intercompany Transactions, and (D) Maintain Existing Business Forms; (II) Authorizing the Debtors' Banks to Honor All Related Payment Requests; and (III) Granting Related Relief* [Docket No. 16] (the "Cash Management Motion")). Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

**Note 19: 401(k)**. As further described in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing, but not Directing, the Debtors to (A) Pay Prepetition Wages, Compensation, Employee Benefits, and Other Employee Obligations and (B) Continue Certain Employee Benefit Programs in the Ordinary Course; (II) Authorizing all Banks to Honor Prepetition Employee Obligations; and (III) Granting Related Relief* [Docket No. 17], the Debtors provide a 401(k)-retirement savings plan (the "401(k) Plan") for eligible employees. The 401(k) Plan is sponsored by Jackson Healthcare Group, a non-Debtor affiliate. Although all employees are employed by Debtor Brightmark Plastics Renewal Services LLC, payments made and liabilities on behalf of the 401(k) Plan are reflected in the Schedules and Statements of multiple Debtors.

**Note 20: Reservation of Rights**. In preparing the Schedules and Statements, the Debtors relied on unaudited financial data derived from their books and records that was available at the time of their preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, inadvertent errors or omissions might exist and subsequent information or discovery might result in material changes or modification to the

Schedules and Statements that require the Debtors to file amended Schedules and Statements. **The Debtors reserve all of their rights under Bankruptcy Rule 1009 to amend or modify any of the Schedules and Statements, including with respect to the treatment, characterization, classification, amount, omission, or inclusion of any claims, assets, liabilities, or executory contracts, and to the extent necessary, to advance positions in these chapter 11 cases that might conflict with the Schedules and Statements.**

## II.    Notes to Schedules of Assets and Liabilities

1.    ***Schedule A/B – Assets***.  All values set forth in Schedule A/B reflect the book value of the Debtors' assets as of the Petition Date, unless otherwise noted.

   ***Schedule A/B, Part 1 – Cash***.  The cash and cash equivalents listed in the Schedules reflect values as of the Petition Date.

   ***Schedule A/B, Part 5 – Inventory, Excluding Agricultural Assets.***  Balances for raw materials, work in progress, and/or finished goods are based on inventory schedules, calculated as of the Petition Date.

   ***Schedule A/B, Part 7 – Office Furniture, Fixtures, and Equipment; and Collectibles***.  Dollar amounts are presented net of accumulated depreciation and other adjustments.  Unless otherwise indicated, owned property and equipment are listed at net book value.

   ***Schedule A/B, Part 8 – Machinery, Equipment, and Vehicles***.  Despite exercising their commercially reasonable efforts to identify all known assets, the Debtors may have not listed all of their machinery, equipment, rolling stock, and/or vehicles on Schedule A/B, Part 8.  The Debtors reserve the right to amend and supplement the Schedules if any such additional assets are identified.

   ***Schedule A/B, Part 9 – Real Property***.  Real property values provided for in Schedule A/B, Part 9 are the net book values listed in the Debtors' books and records as of the Petition Date.

2.    ***Schedule D – Creditors Who Have Claims Secured by Property***.  Except where otherwise noted, the value of all secured liabilities listed on Schedule D are calculated as of the Petition Date.

   Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim, subject to the Debtors' rights pursuant to any applicable court order.  By listing an "amount of claim" in Schedule D, the Debtors are not admitting or waiving any rights to assert that all or any portion of such claim is unsecured.  Further, the listing of a claim as secured is not an admission as to the validity of any lien.  Finally,

although there are multiple parties that may hold a portion of the debt included in the Debtors' prepetition funded debt, only administrative agents and indenture trustees have been listed for purposes of Schedule D. The amounts reflected outstanding under the Debtors' prepetition loan facilities reflect approximate amounts as of the Petition Date.

The descriptions provided in Schedule D are intended only to be a summary. Nothing in Schedule D and/or the Global Notes shall be deemed a modification or interpretation of the terms of such agreements.

Detailed descriptions and priority of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Declaration of Craig R. Jalbert in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 25] (the "First Day Declaration"). Furthermore, in addition to the First Day Declaration, reference to the applicable credit agreement and related documents is necessary for a complete description of the collateral, security interests, and the nature, extent, and priority of any liens.

The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or inchoate judgment or statutory lien rights. The Debtors reserve all of their rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule D or Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument (including any intercompany agreement) related to a creditor's claim. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

3.    ***Schedule E/F – Creditors Who Have Unsecured Claims***. Except where otherwise noted, the value of all unsecured liabilities listed on Schedule E/F are calculated as of the Petition Date.

The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. Some of the scheduled liabilities may be unknown, contingent and/or unliquidated at this time. In such cases, the amounts may be listed as "unknown." Accordingly, the Schedules and the Statements may not equal the aggregate value of the Debtors' total liabilities as noted on any previously issued financial statements.

***Paid Claims***. The Debtors have authority to pay certain outstanding prepetition liabilities pursuant to the Bankruptcy Court's first day orders (collectively, the "First Day Orders"). As such, certain liabilities listed in these Schedules and Statements may have been subsequently reduced or satisfied pursuant to the First Day Orders notwithstanding the fact that the Debtors have listed claims and payables as of the Petition Date in these Schedules and Statements.

***Excluded Liabilities***. The Debtors may have potentially excluded certain categories of liabilities from the Schedules and Statements, such as liabilities owing to employees and

consultants.  The Debtors have also excluded potential Claims arising on account of the potential rejection of executory contracts and unexpired leases, to the extent such claims exist.  Other immaterial liabilities may also have been excluded.

***Part 1 – Creditors with Priority Unsecured Claims***.  The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code.

Pursuant to the *Final Order (I) Authorizing, But Not Directing, the Debtors to (A) Pay Prepetition Wages, Compensation, Employee Benefits, and Other Employee Obligations and (B) Continue Certain Employee Benefit Programs in the Ordinary Course; (II) Authorizing All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations; and (III) Granting Related Relief* [Docket No. 113] (the "Final Employee Wage Order"), the Debtors received authority to pay certain prepetition obligations, including certain employee wages and other employee benefits in the ordinary course of business.  Additionally, claims against the Debtors on account of wage or wage-related obligations may maintain priority under section 507 of the Bankruptcy Code, but are subject to the priority cap imposed under subsections (a)(4) and (a)(5) of section 507 of the Bankruptcy Code.  The Debtors believe that such claims have been or will be satisfied in the ordinary course during the chapter 11 cases pursuant to the authority granted in the Final Employee Wage Order or other order that may be entered by the Bankruptcy Court.  Accordingly, certain of such claims have been excluded from Schedule E/F, Part 1.

***Part 2 – Creditors with Nonpriority Unsecured Claims***.  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made reasonable attempts to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.  The amounts listed on schedule E/F may not reflect any right of setoff or recoupment, and the Debtors reserve any such setoff or recoupment rights.  Additionally, certain creditors may assert mechanics', materialmans', or other similar liens against the Debtors for amounts listed in Schedule E/F.

In addition to nonpriority unsecured claims by third-party claimants, intercompany payables between and among the Debtors and non-Debtor affiliates are also reported on Schedule E/F, Part 2.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute.  Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the

Petition Date.  Accordingly, the information contained in Schedules D and E/F may be incomplete.  The Debtors reserve their rights to amend Schedules D and E/F if, or when, the Debtors receive such invoices.

4.  ***Schedule G – Executory Contracts and Unexpired Leases***.  Although the Debtors have made reasonable efforts to attribute an executory contract or unexpired lease to the applicable Debtor counterparty on Schedule G, review is ongoing and inadvertent errors, omissions, or overinclusion may have occurred.  The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts and unexpired leases, including the right to amend, supplement, or otherwise modify Schedule G.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights.  These rights, powers, duties, and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and atonement agreements, supplemental agreements, amendments/letter agreements, and title agreements.  To the extent that such documents constitute executory contracts, the documents may have been omitted.

Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors.  Further, the specific Debtor obligor to certain of the executory contracts or unexpired leases could not be specifically ascertained in every circumstance.  In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, some of which may be oral.  While the Debtors have made every effort to reflect the current agreements, to the extent such contracts or agreements constitute executory contracts, certain of these contracts and agreements may not be listed individually on Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any contract, agreement, document or other instrument related to a creditor's claim.  Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.  The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreements, instruments, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider. The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

The Debtors have exercised reasonable efforts to locate and identify guarantees of their executory contracts, unexpired leases, secured financings, and other such agreements. Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor.

5. **Schedule H – Co-Debtors**. For purposes of Schedule H, the Debtors have not listed any litigation-related co-debtors on Schedule H. Instead, all such listings can be found on Schedules E/F, if any. The Debtors have listed only the counterparties that are subject to a guaranty related to the co-debtors.

The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified or such guarantees are discovered to have expired or become unenforceable.

## III.   Notes to Statements of Financial Affairs

1. **Statements, Part 1, Questions 1 and 2 – Income and Non-business Revenue**. Revenue has been provided from January 1, 2023 through the Petition Date.

2. **Statements, Part 2, Questions 3 and 4 – Payments to Certain Creditors**. The Debtors operate an integrated system of bank accounts to facilitate the collection and disbursement of funds as part of the Cash Management System. The Debtors' responses to Questions 3 and 4 on each of the Debtors' Statements reflect payments made by the Debtors from bank accounts on behalf of the corresponding Debtor, pursuant to the Debtors' Cash Management System described in the Cash Management Motion.

For the purposes of these Statements, the Debtors used the Petition Date as the date of the information for the financial information provided. The Debtors have responded to Question 3 in detailed format by listing each payment. The response to Question 3, however, does not include transfers to the Debtors' bankruptcy professionals (which transfers appear in response to Part 6, Question 11).

Certain directors, members, or executive officers of one Debtor may also be directors, members, or executive officers of another Debtor. To the extent payments to such individuals are not listed in the response to Questions 3 and 4 on the Statements for such Debtor entities, they did not receive payment for their services as directors or executive officers of these entities. The amounts listed under Questions 3 and 4 reflect the gross

amounts paid to such directors and executive officers, rather than the net amounts after deducting for tax or benefits withholdings.

In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to certain individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.  As detailed herein, the listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for (1) the purposes of determining (i) control of the Debtors, (ii) the extent to which any individual exercised management responsibilities or functions or corporate decision-making authority over the Debtors, or (iii) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities law, or with respect to any theories of liability or (2) any other purpose.

3.    ***Statements, Part 6, Question 11 – Payments Related to Bankruptcy***.  Presented herein are payments made to various professional services firms for services rendered within one year immediately preceding the Petition Date.  The services rendered pertain to (i) the Debtors' prepetition sale and marketing process, (ii) relief under the Bankruptcy Code, and (iii) preparation of a bankruptcy petition.  Amounts listed reflect the total amounts paid to these respective firms, as bifurcating the specific restructuring activities would be administratively burdensome.

Information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications and related orders.

4.    ***Statements, Part 11, Question 21 – Property Held for Another***.  The Debtors have made reasonable efforts to identify and disclose property held for others in response to Question 21.  Due to the complexities of the Debtors' businesses, however, these disclosures may or may not be accurate and complete.  The Debtors intentionally did not include leased equipment in these disclosures, as the inclusion of which would be burdensome.  The Debtors are obligated under various agreements, programs, and by applicable operative law to remit certain funds held for third parties and, to the extent necessary, have received authorization to do so under orders entered by the Bankruptcy Court including, without limitation, the Final Employee Wage Order.  To the extent that any of the funds described above are held or paid for the benefit of third parties, such funds do not constitute property of the Debtor' estates, and the Debtors therefore have not included such amounts in their responses to Statement Question 21.

5.    ***Statements, Part 13, Question 25 – Businesses in which the Debtors Have an Interest***. The Debtors have used their reasonable efforts to identify ownership interests of entities within the six years immediately preceding the Petition Date.

6.    ***Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders***.   All such known disbursements have been listed in the response to Statements, Part 2, Question 4.

* * * * *

**Fill in this information to identify the case:**

Debtor name    **Brightmark Plastics Renewal Services LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **25-10474**

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
| --- | --- |

1.    *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*..................................................................................    $ **0.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*..............................................................................    $ **1,036,350.45**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*.................................................................................    $ **1,036,350.45**

| Part 2: | Summary of Liabilities |
| --- | --- |

2.    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.....................    $ **5,847,681.30**

3.    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................    $ **0.00**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................    +$ **630,520.35**

4.    Total liabilities ....................................................................................................
    Lines 2 + 3a + 3b    $ **6,478,201.65**

**Fill in this information to identify the case:**

Debtor name      **Brightmark Plastics Renewal Services LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   **25-10474**

☐ Check if this is an amended filing

Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property
**12/15**

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
| --- | --- | --- | --- |

3.  **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1. | **Bank of America** | **Checking Account** | **4787** | **$189,805.85** |

4.  **Other cash equivalents** *(Identify all)*

5.  **Total of Part 1.**           **$189,805.85**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

■ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11.    **Accounts receivable**

| 11a. 90 days old or less: | **846,544.60** | - | **0.00** | = .... | **$846,544.60** |
| --- | --- | --- | --- | --- | --- |
| | face amount | | doubtful or uncollectible accounts | | |

Debtor    **Brightmark Plastics Renewal Services LLC**                    Case number *(If known)* **25-10474**
Name

12.     **Total of Part 3.**
        Current value on lines 11a + 11b = line 12.  Copy the total to line 82.                    $846,544.60

**Part 4:      Investments**

13. **Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

**Part 5:      Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:      Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:      Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

**Part 8:      Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:      Real property**

54. **Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

**Part 10:      Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

**Part 11:      All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

Debtor  **Brightmark Plastics Renewal Services LLC**                     Case number *(If known)*  **25-10474**
_____
Name

| | Current value of debtor's interest |
|---|---|

71. **Notes receivable**
Description (include name of obligor)

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**
**General Liability & Pollution policy expiring 5/15/2025**
**Business Auto policy expiring 5/15/2025**
**Workers' Compensation & Employer's Liability policy**
**expiring 5/15/2025**
**Excess Liability policy expiring 5/15/2025**
**Commercial property and terrorism policy expiring**
**3/15/2026**                                                                      **Unknown**

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76. **Trusts, equitable or future interests in property**

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

78. **Total of Part 11.**

    Add lines 71 through 77. Copy the total to line 90.                          **$0.00**

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
    ■ No
    ☐ Yes

| Debtor | **Brightmark Plastics Renewal Services LLC** | Case number *(If known)* **25-10474** |
|---|---|---|
| | Name | |

**Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $189,805.85 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $846,544.60 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.....................................................>* | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $1,036,350.45 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $1,036,350.45 |

| Fill in this information to identify the case: |
|---|

Debtor name **Brightmark Plastics Renewal Services LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known) **25-10474**

☐ Check if this is an
amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                 12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

**2. List in alphabetical order all creditors** who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1** **Brightmark Plastics Ashley HoldCo LLC**<br>Creditor's Name<br><br>**1725 Montgomery St Floor 3 San Francisco, CA 94111**<br>Creditor's mailing address<br><br><br>Creditor's email address, if known<br><br>**Date debt was incurred**<br>**March 5, 2025**<br>Last 4 digits of account number<br><br>**Do multiple creditors have an interest in the same property?**<br>☑ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | **Describe debtor's property that is subject to a lien**<br>**All accounts and property, commercial tort claims and any and all collateral taken as a whole.**<br><br>**Describe the lien**<br>**Bridge Loan**<br>**Is the creditor an insider or related party?**<br>☐ No<br>☑ Yes<br>**Is anyone else liable on this claim?**<br>☐ No<br>☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $5,847,681.30 | $0.00 |

**3.** Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.

$5,847,681.30

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | | |

**Fill in this information to identify the case:**

Debtor name    **Brightmark Plastics Renewal Services LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **25-10474**

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
   with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|
| | | **Unknown** | **Unknown** |

**2.1**    Priority creditor's name and mailing address
**Blue Shield**
**601 12th Street**
**22nd Floor**
**Oakland, CA 94607**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
■ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Health Insurance**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (5)

■ No
☐ Yes

---

**2.2**    Priority creditor's name and mailing address
**California State Board of**
**Equalization**
**Legal Department, MIC:121**
**450 N St. P.O. Box 942879**
**Sacramento, CA 94279-0029**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
■ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Taxes**

Last 4 digits of account number

Is the claim subject to offset?

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

■ No
☐ Yes

| | | **Unknown** | **Unknown** |

| Debtor | **Brightmark Plastics Renewal Services LLC** | Case number (if known) | **25-10474** |
|---|---|---|---|
| | Name | | |

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is:<br>*Check all that apply.* | **Unknown** | **Unknown** |
|---|---|---|---|---|

**First Unum Life Insurance Company**
PO Box 406927
Atlanta, GA 30384

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
■ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Life Insurance**

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (5)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.4 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |
|---|---|---|---|---|

**First Unum Life Insurance Company**
PO Box 406927
Atlanta, GA 30384

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
■ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Disability Insurance**

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (5)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.5 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |
|---|---|---|---|---|

**Guardian**
PO Box 824418
Philadelphia, PA 19182-4418

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Dental Insurance**

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (5)

Is the claim subject to offset?
■ No
☐ Yes

---

| 2.6 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |
|---|---|---|---|---|

**Indiana Department of Revenue**
P.O. Box 1028
Indianapolis, IN 46206-1028

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
■ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Taxes**

Last 4 digits of account number

Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

| Debtor | **Brightmark Plastics Renewal Services LLC** | Case number (if known) | **25-10474** |
|---|---|---|---|
| | Name | | |

| 2.7 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **Unknown** |
|---|---|---|---|---|

**2.7**

Priority creditor's name and mailing address

**Internal Revenue Service
Centralized Insolvency Operation
P. O. Box 7346
Philadelphia, PA 19101-7346**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
■ Unliquidated
☐ Disputed

**Unknown        Unknown**

Date or dates debt was incurred

Basis for the claim:
**Taxes**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

Is the claim subject to offset?
■ No
☐ Yes

---

**2.8**

Priority creditor's name and mailing address

**Principal Life
711 High St
Des Moines, IA 50392**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
■ Unliquidated
☐ Disputed

**Unknown        Unknown**

Date or dates debt was incurred

Basis for the claim:
**401(k) Plan**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (5)

Is the claim subject to offset?
■ No
☐ Yes

---

**2.9**

Priority creditor's name and mailing address

**Vision Service Plan
PO Box 45210
San Francisco, CA 94145**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Unknown        Unknown**

Date or dates debt was incurred

Basis for the claim:
**Vision Plan**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (5)

Is the claim subject to offset?
■ No
☐ Yes

---

**2.10**

Priority creditor's name and mailing address

**WEX
4321 20th Ave S
Fargo, ND 58103**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
■ Unliquidated
☐ Disputed

**Unknown        Unknown**

Date or dates debt was incurred

Basis for the claim:
**HSA/Commuter Benefits**

Last 4 digits of account number

Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (5)

Is the claim subject to offset?
■ No
☐ Yes

---

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

| Debtor | **Brightmark Plastics Renewal Services LLC** | | Case number (if known) | **25-10474** |
|---|---|---|---|---|

Name

| 3.1 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **Unknown** |
|---|---|---|---|

**AutomationDirect.com**
**3505 Hutchinson Rd**
**Cumming, GA 30040**

☐ Contingent
■ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** **Vendor**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.2 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **Unknown** |
|---|---|---|---|

**BBC Pumps & Equipment Co, Inc**
**P.O. Box 22098**
**Indianapolis, IN 46222**

☐ Contingent
■ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** **Vendor**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.3 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **Unknown** |
|---|---|---|---|

**BMQ Enterprises, Inc**
**209 Quality Ave, Ste 9**
**New Albany, IN 47150**

☐ Contingent
■ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** **Vendor**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.4 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **Unknown** |
|---|---|---|---|

**Bondy Insulation Inc**
**6600 E 15 Mile**
**Sterling Heights, MI 48312**

☐ Contingent
■ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** **Vendor**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.5 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **Unknown** |
|---|---|---|---|

**BrandSafway Industries LLC**
**1325 Cobb International Dr, Ste A-1**
**Kennesaw, GA 30152**

☐ Contingent
■ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** **Vendor**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.6 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **$61,121.12** |
|---|---|---|---|

**Brushy Creek Industrial Solutions, LLC**
**2909 Graphic Pl**
**Plano, TX 75075**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** **Vendor payable**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.7 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **Unknown** |
|---|---|---|---|

**Burckhardt Compression US Inc**
**19750 FM 362 Rd**
**Waller, TX 77484**

☐ Contingent
■ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

**Basis for the claim:** **Vendor**

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **Brightmark Plastics Renewal Services LLC** | Case number (if known) | **25-10474** |
|---|---|---|---|
| | Name | | |

---

| 3.8 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **$45,000.15** |
|---|---|---|---|

**CB&I LLC**
**915 n Eldridge Parkway**
**Houston, TX 77079**

☐ Contingent
■ Unliquidated
☐ Disputed

Date(s) debt was incurred _
Last 4 digits of account number _

Basis for the claim:  **Vendor accrual**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.9 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **$151,200.00** |
|---|---|---|---|

**Chemted LLC**
**981 TX-174**
**Rio Vista, TX 76093**

☐ Contingent
■ Unliquidated
☐ Disputed

Date(s) debt was incurred _
Last 4 digits of account number _

Basis for the claim:  **Vendor accrual**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.10 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **$28,150.79** |
|---|---|---|---|

**Chromalox**
**103 Gamma Drive Ext**
**Pittsburgh, PA 15238**

☐ Contingent
■ Unliquidated
☐ Disputed

Date(s) debt was incurred _
Last 4 digits of account number _

Basis for the claim:  **Vendor accrual**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.11 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **Unknown** |
|---|---|---|---|

**Cintas Corp**
**P.O. Box 631025**
**Cincinnati, OH 45263-1025**

☐ Contingent
■ Unliquidated
☐ Disputed

Date(s) debt was incurred _
Last 4 digits of account number _

Basis for the claim:  **Vendor**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.12 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **Unknown** |
|---|---|---|---|

**Clariant Corp**
**4000 Monroe Rd**
**Charlotte, NC 28205**

☐ Contingent
■ Unliquidated
☐ Disputed

Date(s) debt was incurred _
Last 4 digits of account number _

Basis for the claim:  **Vendor**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.13 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **Unknown** |
|---|---|---|---|

**Code Red Safety & Rental LLC**
**853 Eastport Centre Dr**
**Valparaiso, IN 46383**

☐ Contingent
■ Unliquidated
☐ Disputed

Date(s) debt was incurred _
Last 4 digits of account number _

Basis for the claim:  **Vendor**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.14 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** Check all that apply. | **Unknown** |
|---|---|---|---|

**Colliers Engineering & Design Inc**
**101 Crawfords Corner Rd, Ste 3400**
**Holmdel, NJ 07733**

☐ Contingent
■ Unliquidated
☐ Disputed

Date(s) debt was incurred _
Last 4 digits of account number _

Basis for the claim:  **Vendor**

Is the claim subject to offset? ■ No ☐ Yes

---

Debtor  **Brightmark Plastics Renewal Services LLC**                    Case number (if known)   **25-10474**
Name

| 3.15 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **Unknown** |
|---|---|---|---|

**3.15** Nonpriority creditor's name and mailing address

**DMJ Associates LLC**
**P.O. Box 304**
**Mentor, OH 44061-0304**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.    **Unknown**

☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim:  **Vendor**

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.16** Nonpriority creditor's name and mailing address

**E2G, The Equity Engineering Group, Inc**
**20600 Chagrin Blvd**
**Suite 1200**
**Shaker Heights, OH 44122**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.    **$48,200.00**

☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim:  **Vendor accrual**

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.17** Nonpriority creditor's name and mailing address

**FCX Performance**
**3000 E 114th Ave**
**Columbus, OH 43219**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.    **Unknown**

☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim:  **Vendor**

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.18** Nonpriority creditor's name and mailing address

**G&L Corp**
**3101 Brooklyn Ave**
**Ft Wayne, IN 46809**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.    **$5,726.00**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Vendor payable**

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.19** Nonpriority creditor's name and mailing address

**George E. Booth Company, Inc**
**8202 W 10th St**
**Indianapolis, IN 46214**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.    **$12,802.00**

☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim:  **Vendor payables and accruals**

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.20** Nonpriority creditor's name and mailing address

**Global Industrial**
**29833 Network Pl**
**Chicago, IL 60673-1298**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.    **Unknown**

☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim:  **Vendor**

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.21** Nonpriority creditor's name and mailing address

**Heat Power Engineering, Inc**
**aka HPE**
**702 Incentive Dr**
**Ft Wayne, IN 46825**

Date(s) debt was incurred __

Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.    **Unknown**

☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim:  **Vendor**

Is the claim subject to offset? ☑ No ☐ Yes

---

Debtor **Brightmark Plastics Renewal Services LLC**
_____
Name

Case number (if known) **25-10474**

---

**3.22** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$6,000.00**
**Industrial Contracting & Engineering**
**319 Pokagon Trl, Ste C**
**Angola, IN 46703**

☐ Contingent
☑ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: __Vendor accrual__

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.23** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **Unknown**
**Industrial Specialists, LLC**
**600 Galleria Pkwy SE, Ste 1100**
**Atlanta, GA 30339**

☐ Contingent
☑ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: __Vendor__

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.24** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **Unknown**
**IPS Resources LLC**
**146 Dixie Hwy**
**Rossford, OH 43460**

☐ Contingent
☑ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: __Vendor__

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.25** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **Unknown**
**JICI Inc**
**319 Pokagon Trl, Ste A**
**Angola, IN 46703**

☐ Contingent
☑ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: __Vendor__

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.26** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **Unknown**
**Joyce / Dayton Corp**
**3300 S Dixie Dr**
**Dayton, OH 45439-2231**

☐ Contingent
☑ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: __Vendor__

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.27** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$20,096.00**
**Kammerer Design and Fabrication**
**2348 E Kammerer Rd**
**Kendallville, IN 46755**

☐ Contingent
☑ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: __Vendor payables and accruals__

Is the claim subject to offset? ☑ No ☐ Yes

---

**3.28** | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$534.14**
**Kendall Electric Inc**
**5101 S Sprinkle Rd**
**Portage, MI 49002**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: __Vendor payable__

Is the claim subject to offset? ☑ No ☐ Yes

---

| Debtor | **Brightmark Plastics Renewal Services LLC** | Case number (if known) | **25-10474** |
|---|---|---|---|
| | Name | | |

**3.29** | Nonpriority creditor's name and mailing address

**Koch Applied Solutions LLC**
**1900 W Lloyd Expy**
**Evansville, IN 47712**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim: **Vendor**

Is the claim subject to offset? ☑ No ☐ Yes

**Unknown**

---

**3.30** | Nonpriority creditor's name and mailing address

**Motion Industries Inc**
**P.O. Box 98412**
**Chicago, IL 60693-8412**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim: **Vendor**

Is the claim subject to offset? ☑ No ☐ Yes

**Unknown**

---

**3.31** | Nonpriority creditor's name and mailing address

**MTR Machining Concept, Inc**
**2878 W 800 S**
**Ashley, IN 46705**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim: **Vendor**

Is the claim subject to offset? ☑ No ☐ Yes

**Unknown**

---

**3.32** | Nonpriority creditor's name and mailing address

**National Compressor Services**
**10349 Industrial Rd**
**Holland, OH 43528**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim: **Vendor accrual**

Is the claim subject to offset? ☑ No ☐ Yes

**$5,000.00**

---

**3.33** | Nonpriority creditor's name and mailing address

**PFG Technology**
**1303 Home Ave**
**Akron, OH 44310**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Vendor payable**

Is the claim subject to offset? ☑ No ☐ Yes

**$11,975.00**

---

**3.34** | Nonpriority creditor's name and mailing address

**Price Automation LLC**
**205 W 700 S**
**Pleasant Lake, IN 46779**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Vendor payable**

Is the claim subject to offset? ☑ No ☐ Yes

**$4,979.88**

---

**3.35** | Nonpriority creditor's name and mailing address

**Process Controls Corporation**
**6519 Ferguson Street**
**Indianapolis, IN 46220**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim: **Vendor**

Is the claim subject to offset? ☑ No ☐ Yes

**Unknown**

---

| Debtor | **Brightmark Plastics Renewal Services LLC** | Case number (if known) | **25-10474** |
|---|---|---|---|
| | Name | | |

---

**3.36** | Nonpriority creditor's name and mailing address
**Rand Simulation**
**11201 Dolfield Blvd, Ste 112**
**Owings Mills, MD 21117**

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim:  **Vendor**

Is the claim subject to offset? ☑ No  ☐ Yes

Unknown

---

**3.37** | Nonpriority creditor's name and mailing address
**Reotemp Instrument Corporation**
**10656 Roselle Street**
**San Diego, CA 92121**

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim:  **Vendor**

Is the claim subject to offset? ☑ No  ☐ Yes

Unknown

---

**3.38** | Nonpriority creditor's name and mailing address
**Rochem Americas Inc**
**426 30th St**
**Hermosa Beach, CA 90254**

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim:  **Vendor**

Is the claim subject to offset? ☑ No  ☐ Yes

Unknown

---

**3.39** | Nonpriority creditor's name and mailing address
**RTI Labortories**
**33080 Industrial**
**Livonia, MI 48150**

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim:  **Vendor**

Is the claim subject to offset? ☑ No  ☐ Yes

Unknown

---

**3.40** | Nonpriority creditor's name and mailing address
**Russell Finex Inc**
**P.O. Box 69**
**625 Eagleton Downs Dr**
**Pineville, NC 28134**

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim:  **Vendor**

Is the claim subject to offset? ☑ No  ☐ Yes

Unknown

---

**3.41** | Nonpriority creditor's name and mailing address
**Samsco Corporation**
**837 East 79th Street**
**Cleveland, OH 44103**

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim:  **Vendor**

Is the claim subject to offset? ☑ No  ☐ Yes

Unknown

---

**3.42** | Nonpriority creditor's name and mailing address
**Savant Inc**
**4800 James Savage Rd**
**Midland, MI 48642**

Date(s) debt was incurred __
Last 4 digits of account number __

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☑ Unliquidated
☐ Disputed

Basis for the claim:  **Vendor**

Is the claim subject to offset? ☑ No  ☐ Yes

Unknown

---

| Debtor | **Brightmark Plastics Renewal Services LLC** | Case number (if known) | **25-10474** |
|---|---|---|---|
| | Name | | |

| 3.43 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$155,800.44** |
|---|---|---|---|
| | **Shambaugh & Sons**<br>**7614 Opportunity Dr**<br>**Ft Wayne, IN 46825** | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: __Vendor payable__ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.44 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **Unknown** |
|---|---|---|---|
| | **Skyway**<br>**9020 Lewis Ave**<br>**Temperance, MI 48182** | ☐ Contingent<br>■ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: __Vendor__ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.45 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **$70,248.00** |
|---|---|---|---|
| | **South Shore Controls, Inc**<br>**9395 Pinecone Dr**<br>**Mentor, OH 44060** | ☐ Contingent<br>■ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: __Vendor accrual__ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.46 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **Unknown** |
|---|---|---|---|
| | **The New York Blower Co**<br>**7660 Quincy St**<br>**Willowbrook, IL 60527** | ☐ Contingent<br>■ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: __Vendor__ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.47 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **Unknown** |
|---|---|---|---|
| | **Titanium American Logistics Inc**<br>**5950 Fairview Rd, Ste 502**<br>**Charlotte, NC 28210** | ☐ Contingent<br>■ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: __Vendor__ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.48 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **Unknown** |
|---|---|---|---|
| | **Tower Force**<br>**11804 W Fairmont Pkwy**<br>**La Porte, TX 77571** | ☐ Contingent<br>■ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: __Vendor__ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

| 3.49 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: Check all that apply. | **Unknown** |
|---|---|---|---|
| | **Wagner-Meinert LLC**<br>**aka WMI**<br>**7671 Freedom Way**<br>**Ft Wayne, IN 46818** | ☐ Contingent<br>■ Unliquidated<br>☐ Disputed | |
| | Date(s) debt was incurred _ | Basis for the claim: __Vendor__ | |
| | Last 4 digits of account number _ | Is the claim subject to offset? ■ No ☐ Yes | |

| Debtor | **Brightmark Plastics Renewal Services LLC** | Case number (if known) | **25-10474** |
|---|---|---|---|
| | Name | | |

| 3.50 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $3,686.83 |
|---|---|---|---|

**Woven Metal Products Inc**
P.O. Box 13845
Alvin, TX 77512

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: **Vendor payable**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

## Part 3:   List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

## Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

5. **Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a.** Total claims from Part 1 | 5a. $ | 0.00 |
| **5b.** Total claims from Part 2 | 5b. + $ | 630,520.35 |
| **5c.** Total of Parts 1 and 2<br>Lines 5a + 5b = 5c. | 5c. $ | 630,520.35 |

**Fill in this information to identify the case:**

Debtor name     **Brightmark Plastics Renewal Services LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    **25-10474**

☐ Check if this is an
   amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
       ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
       ☒ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| 2.1.    State what the contract or lease is for and the nature of the debtor's interest    **Executory Purchase Order - Equipment**<br><br>State the term remaining<br><br>List the contract number of any government contract | **BMQ Enterprises, Inc.**<br>**209 Quality Avenue**<br>**Suite 9**<br>**New Albany, IN 47150** |
| 2.2.    State what the contract or lease is for and the nature of the debtor's interest    **Executory Purchase Order - Equipment**<br><br>State the term remaining<br><br>List the contract number of any government contract | **Chemted LLC**<br>**981 TX-174**<br>**Rio Vista, TX 76093** |
| 2.3.    State what the contract or lease is for and the nature of the debtor's interest    **Rental Agreement**<br><br>State the term remaining<br><br>List the contract number of any government contract | **Cintas Corporation**<br>**PO Box 631025**<br>**Cincinnati, OH 45263-1025** |
| 2.4.    State what the contract or lease is for and the nature of the debtor's interest    **Executory Purchase Order - Equipment**<br><br>State the term remaining<br><br>List the contract number of any government contract | **DMJ Associates LLC**<br>**PO Box 304**<br>**Mentor, OH 44061-0304** |

Debtor 1  **Brightmark Plastics Renewal Services LLC**

First Name        Middle Name        Last Name

Case number *(if known)*  **25-10474**



### Additional Page if You Have More Contracts or Leases

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

**2.5.** State what the contract or lease is for and the nature of the debtor's interest

**Executory Purchase Order - Equipment**

State the term remaining

List the contract number of any government contract

**IPS Resources LLC**
**146 Dixie Highway**
**Rossford, OH 43460**

---

**2.6.** State what the contract or lease is for and the nature of the debtor's interest

**Executory Purchase Order - Equipment**

State the term remaining

List the contract number of any government contract

**Kammerer Design and Fabrication**
**2348 E Kammerer Rd**
**Kendallville, IN 46755**

---

**2.7.** State what the contract or lease is for and the nature of the debtor's interest

**Executory Purchase Order - Equipment**

State the term remaining

List the contract number of any government contract

**Motion Industries Inc**
**PO Box 98412**
**Chicago, IL 60693-8412**

---

**2.8.** State what the contract or lease is for and the nature of the debtor's interest

**Executory Purchase Order - Equipment**

State the term remaining

List the contract number of any government contract

**MTR Machining Concept, Inc.**
**2878 W 800 S**
**Ashley, IN 46705**

---

**2.9.** State what the contract or lease is for and the nature of the debtor's interest

**Staffing Company Agreement**

State the term remaining

List the contract number of any government contract

**NES Global, LLC**
**One Memorial City Plaza**
**800 Gessner Dr**
**Suite 800**
**Houston, TX 77024**

| Debtor 1 | **Brightmark Plastics Renewal Services LLC** | Case number *(if known)* | **25-10474** |
|---|---|---|---|
| | First Name        Middle Name        Last Name | | |

<span style="background-color:purple">    </span> **Additional Page if You Have More Contracts or Leases**

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|

| 2.10. | State what the contract or lease is for and the nature of the debtor's interest | **Executory Purchase Order - Equipment** | |
|---|---|---|---|
| | State the term remaining | | **PFG Technology** |
| | List the contract number of any government contract | | **1303 Home Ave**<br>**Akron, OH 44310** |

| 2.11. | State what the contract or lease is for and the nature of the debtor's interest | **Executory Purchase Order - Service Agreement** | |
|---|---|---|---|
| | State the term remaining | | **Process Controls Corporation** |
| | List the contract number of any government contract | | **6519 Ferguson Street**<br>**Indianapolis, IN 46220** |

| 2.12. | State what the contract or lease is for and the nature of the debtor's interest | **Executory Purchase Order - Professional Services** | |
|---|---|---|---|
| | State the term remaining | | **Rand Simulation** |
| | List the contract number of any government contract | | **11201 Dolfield Blvd**<br>**Ste 112**<br>**Owings Mills, MD 21117** |

| 2.13. | State what the contract or lease is for and the nature of the debtor's interest | **Executory Purchase Order - Equipment** | |
|---|---|---|---|
| | State the term remaining | | **Russell Finex Inc** |
| | List the contract number of any government contract | | **PO Box 69 / 625 Eagleton Downs Dr**<br>**Pineville, NC 28134** |

| 2.14. | State what the contract or lease is for and the nature of the debtor's interest | **Executory Purchase Order - Equipment** | |
|---|---|---|---|
| | State the term remaining | | **Samsco Corporation** |
| | List the contract number of any government contract | | **837 East 79th Street**<br>**Cleveland, OH 44103** |

| Debtor 1 | **Brightmark Plastics Renewal Services LLC** | | Case number *(if known)* | **25-10474** |
|---|---|---|---|---|
| | First Name    Middle Name    Last Name | | | |



**Additional Page if You Have More Contracts or Leases**

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|

| 2.15. | State what the contract or lease is for and the nature of the debtor's interest | **Agreement and Work Authorization** | |
|---|---|---|---|
| | State the term remaining | | **SET Environmental** |
| | List the contract number of any government contract | | **450 Sumac Rd**<br>**Wheeling, IL 60090** |

| 2.16. | State what the contract or lease is for and the nature of the debtor's interest | **Executory Purchase Order - Service Agreement** | |
|---|---|---|---|
| | State the term remaining | | **Shambaugh & Sons** |
| | List the contract number of any government contract | | **7614 Opportunity Drive**<br>**Fort Wayne, IN 46825** |

| 2.17. | State what the contract or lease is for and the nature of the debtor's interest | **Executory Purchase Order - Equipment** | |
|---|---|---|---|
| | State the term remaining | | **South Shore Controls, Inc** |
| | List the contract number of any government contract | | **9395 Pinecone Dr**<br>**Mentor, OH 44060** |

**Fill in this information to identify the case:**

Debtor name **Brightmark Plastics Renewal Services LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known) **25-10474**

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| Name | Mailing Address | Name | Check all schedules that apply: |
| 2.1 **Brightmark Plastics Renewal Indiana LLC** | **1725 Montgomery St Floor 3 San Francisco, CA 94111** | **Brightmark Plastics Ashley HoldCo LLC** | ■ D __2.1__ ☐ E/F _____ ☐ G _____ |
| 2.2 **Brightmark Plastics Renewal LLC** | **1725 Montgomery St Floor 3 San Francisco, CA 94111** | **Brightmark Plastics Ashley HoldCo LLC** | ■ D __2.1__ ☐ E/F _____ ☐ G _____ |

**Fill in this information to identify the case:**

Debtor name   **Brightmark Plastics Renewal Services LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   **25-10474**

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **April 18, 2025**       X */s/ Craig R. Jalbert*
                                        Signature of individual signing on behalf of debtor

                                        **Craig R. Jalbert**
                                        Printed name

                                        **Chief Restructuring Officer**
                                        Position or relationship to debtor